# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS LOPEZ-HERNANDEZ,<br><br>　　　　　　　　　Petitioner,<br><br>　vs.<br><br>PAUL PIERRE, DISTRICT DIRECTOR, DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　　Respondent. | CASE NO. 09 CV 0861 JM (RBB)<br><br>**ORDER:**<br>**1) DENYING PETITIONER'S "MOTION FOR IMMEDIATE STAY WITHOUT DETENTION" (Doc. No. 4);**<br>**2) DENYING PETITIONER'S MOTION TO STAY (Doc. No. 2); and**<br>**3) DISMISSING PETITION** |

On April 24, 2009, Petitioner Jose Luis Lopez-Hernandez, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1, "Pet.") and a Motion to Stay Removal (Doc. No. 2). After the court set a briefing schedule on those two matters, Petitioner filed a "Motion for Immediate Temporary Stay of Removal without Detention." (Doc. No. 4.) The Government filed an opposition to both motions to stay on June 4, 2009. ("Opp.," Doc. No. 6.) For the reasons set forth below, the court lacks subject matter jurisdiction over the Petition. Accordingly, the court **DISMISSES** the Petition and **DENIES** both motions to stay.

## I. BACKGROUND

Petitioner is a Guatemalan citizen who entered the United States without documentation on March 1, 2004. (Pet. at 1.) On May 3, 2006, Petitioner was issued a Notice to Appear by Immigration and Customs Enforcement ("ICE"), charging him with removability under 8 U.S.C. §

1182(a)(6)(A)(i). (Pet. at 1; Opp. at 1, Exh. A.) Petitioner conceded removability and sought asylum under the Convention Against Torture, arguing Guatemala essentially lacked an effective government to deal with the gang warfare which would threaten Petitioner's safety if he returned there. (Pet. at 2.) After a hearing, Immigration Judge John C. Williams denied Petitioner's applications for withholding of removal and for asylum under CAT on April 24, 2008, and granted Petitioner a sixty-day voluntary departure period. (Pet. at 3; Opp. at 2, Exh. C.) Although Petitioner was informed he had until May 27, 2008 to file an appeal with the Board of Immigration Appeals ("BIA") (Opp., Exh. C), he did not do so until June 18, 2008. (Pet. at 3; Opp. at 2, Exh. D.) The BIA dismissed the untimely appeal for lack of jurisdiction. (Pet. at 3; Opp. at 2, Exh. D.)

Petitioner did not appeal to the Ninth Circuit until September 11, 2008, well after the expiration of the applicable thirty-day appeals period. (Opp., Exh. E.) Like the BIA, the Ninth Circuit dismissed the appeal, construed as a petition for review, for lack of jurisdiction as having been untimely filed. (Pet. at 3; Opp. at 2, Exh. E.) The temporary stay of removal which had been entered by the Ninth Circuit was continued until the mandate was issued on April 20, 2009. (Opp. at 2, Exh. F.)

**II.  DISCUSSION**

Petitioner now comes before this court seeking discharge of his removal order under 28 U.S.C. § 2241 on the grounds that the Guatemalan government "does not exist in the suppression of gang activity." (Pet. at 4.) Petitioner also asks this court to reinstate the expired voluntary removal period. (Pet. at 5.) In essence, Petitioner wants the district court to review the decision by the immigration judge to deny his asylum application.

Unfortunately, as the Government points out, this court lacks subject matter jurisdiction to rule on the instant Petition. Under the REAL ID Act of 2005, review of final removal orders may only be done through a petition for review before the court of appeals; review through the habeas corpus mechanism is expressly denied. 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law..., including section 2241 of Title 28..., a petition for review filed with an appropriate court of appeals...shall be the sole and exclusive means for judicial review of an order of removal....") Furthermore, the Act consolidates review of "constitutional claims or questions of law" in that same

1  petition for review and invests jurisdiction for all cases in the appellate courts. 8 U.S.C. §
2  1252(a)(2)(D), § 1252(b)(9). "As described by the Third Circuit, '[t]hese modifications effectively
3  limit all aliens to one bite of the apple with regard to challenging an order of removal.'" Singh v.
4  Gonzales, 499 F.3d 969, 977 (9th Cir. 2007) (quoting Bonhometre v. Gonzales, 414 F.3d 442, 446
5  (3rd. Cir. 2005). While habeas review may still be available to an alien challenging detention for
6  reasons independent of the removal order, this exception does not exist here as Petitioner is clearly
7  challenging the order of removal itself. See Singh, 499 F.3d at 978, and references cited therein.
8  Because this court lacks jurisdiction over the matter, the Petition is hereby **DISMISSED**. Without
9  jurisdiction over the Petition, the court has no authority to issue the provisional relief Petitioner seeks.
10 Accordingly, Petitioner's Motion to Stay Removal (Doc. No. 2) and "Motion for Immediate
11 Temporary Stay of Removal without Detention" (Doc. No. 4) are both **DENIED**.

**III.  CONCLUSION**

For the reasons set forth above, the court hereby **DISMISSES** the Petition, **DENIES** Petitioner's Motion to Stay Removal (Doc. No. 2), and **DENIES** Petitioners' "Motion for Immediate Temporary Stay of Removal without Detention" (Doc. No. 4). All future calendar dates are vacated. The Clerk of Court is instructed to close the case file.

**IT IS SO ORDERED.**

DATED:  June 10, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge